# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

FAROK ABDULMAJID HAMOD and
ORWA ALI AL-SAADOON,

Plaintiffs,

v.

ELAINE DUKE,[1] *Acting Secretary of U.S. Department of Homeland Security*, JAMES MCCAMENT, *Acting Director, U.S. Citizenship and Immigration Services*, LESLIE TRITTEN, *St. Paul Field Office Director, USCIS*, DAVID DOUGLAS, *Central Region District Director, USCIS*, and ANDREW MCCABE, *Acting Director, Federal Bureau of Investigation*,

Defendants.

Civil No. 16-1191 (JRT/TNL)

**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Herbert A. Igbanugo, **IGBANUGO PARTNERS INT'L LAW FIRM, PLLC**, 250 Marquette Avenue, Suite 1075, Minneapolis, MN 55401, for plaintiffs.

Christopher W. Dempsey and Timothy Michael Belsan, **U.S. DEPARTMENT OF JUSTICE**, PO Box 868, Ben Franklin Station, Washington, DC 20044, for defendants.

---

[1] Elaine Duke became Acting Secretary of the U.S. Department of Homeland Security on July 31, 2017. *Statement of Press Secretary Dave Lapan on Homeland Security Leadership*, U.S. Dep't of Homeland Security (July 28, 2017), https://www.dhs.gov/news/2017/07/28/ statement-press-secretary-dave-lapan-homeland-security-leadership (last visited Aug. 11, 2017). Acting Secretary Duke is automatically substituted for the previous Secretary John F. Kelly. Fed. R. Civ. P. 25(d).

Plaintiffs Farok Abdulmajid Hamod and Orwa Ali Al-Saadoon bring this action against various federal actors involved in the nation's immigration system, seeking federal court review of the denial of their naturalization applications. United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss for lack of subject matter jurisdiction, finding that Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs objected to the R&R. As discussed below, the Court rejects Plaintiffs' argument that their requests to cure prior unlawful admissions in the context of their naturalization applications are separate from the naturalization applications. Thus, Plaintiffs must administratively appeal the denials of their naturalization applications prior to bringing a federal case. Accordingly, the Court will overrule Plaintiffs' objections, adopt the R&R, and dismiss Plaintiffs' claims without prejudice for lack of subject matter jurisdiction.

**ANALYSIS**

Plaintiffs previously sought review of denials of earlier naturalization applications. Review of those denials resulted in an Eighth Circuit decision affirming the district court's holding that Hamod was unlawfully admitted – due to unauthorized employment while on a nonimmigrant visa – and thus Hamod along with Al-Saadoon, as a derivative beneficiary of Hamod's application, were ineligible for naturalization. *See Al-Saadoon v. Lynch*, 816 F.3d 1012, 1013-15 (8th Cir. 2016). Plaintiffs then filed additional applications, including applications for naturalization (N-400) and a form called

"Supplement A to Form I-485," which is meant to supplement applications for adjustment of status when an individual is seeking a waiver under 8 U.S.C. § 1255(i). (*See* R&R at 4, June 12, 2017, Docket No. 38; Am. Compl. ¶¶ 41-42, Sept. 29, 2016, Docket No. 21.)

In September 2016 United States Citizenship and Immigration Services ("USCIS") denied Plaintiffs' applications for naturalization on the grounds that they were unlawfully admitted. (Am. Compl. ¶ 47; Index of Exs., Exs. A-B, Oct. 28, 2016, Docket No. 32.) USCIS noted "that in connection with [Plaintiffs'] N-400 [applications], [Plaintiffs] seek retroactive, or *nunc pro tunc*,[2] relief in order to cure [their] unlawful admission through the filing of Form I-485 Supplement A, Adjustment of Status Under Section 245(i)." (Index of Exs., Ex. A at 2.) But USCIS denied this request, stating Plaintiffs' "unlawful adjustment cannot be cured in these naturalization proceedings through the exercise of *equity*." (*Id.*) Plaintiffs seek review of USCIS's decisions on their applications for naturalization and their underlying request to cure their unlawful admission using Supplement A to Form I-485.

On October 13, 2016, Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. On June 12, 2017, the Magistrate Judge issued an R&R recommending that the Court dismiss Plaintiffs' action for lack of subject matter jurisdiction. The Magistrate Judge reasoned that federal statute provides for review of

---

[2] *Nunc pro tunc* is "a Latin phrase meaning 'now for then.'" *Gutierrez-Castillo v. Holder*, 568 F.3d 256, 261 (5th Cir. 2009). In this context, the term refers to "an equitable power to grant an order now as if it were granted sometime in the past." *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 910 (6th Cir. 2008).

denials of naturalization applications only "after a hearing before an immigration officer under section 1447(a)," 8 U.S.C. § 1421(c), and thus, the Court lacks subject matter jurisdiction prior to such a hearing. (R&R at 8-16.) The Magistrate Judge rejected Plaintiffs' arguments that there was a futility exception to § 1421(c)'s exhaustion requirement. (*Id.* at 12-16.) The Magistrate Judge also rejected Plaintiffs' position that their request to cure their unlawful admission *nunc pro tunc* was separate from their request for naturalization and therefore not subject to § 1421(c). (*Id.* at 16-19.)

On June 27, 2017, Plaintiffs filed objections to the R&R.[3] (Pls.' Objs., June 27, 2017, Docket No. 39.) Plaintiffs argue that the Magistrate Judge erred in finding the Court lacked jurisdiction over USCIS's denial of Plaintiffs' request to cure their unlawful admissions *nunc pro tunc* using Supplement A to Form I-485 because that request was separate from their naturalization application, and therefore not subject to § 1421(c); Plaintiffs also argue that § 1421(c) would not provide an adequate remedy for Plaintiffs' request. Finally, Plaintiffs ask in the alternative that the Court hold its decision in abeyance until Plaintiffs exhaust their administrative appeals. The Court reviews "properly objected to" portions of an R&R de novo. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

---

[3] The Court notes that Plaintiffs' objections were filed one day late, but the Court will still consider them. *See Iron Workers Mid-S. Pension Fund v. Davis*, No. 13-289, 2014 WL 5206373, at *4 (D. Minn. Oct. 14, 2014) ("[T]he deadline for filing objections is not jurisdictional, and late-filed objections can be considered where the filing is not egregiously late and causes no prejudice to any adverse party." (quoting *United States v. Buchanan*, No. 07-50118, 2008 WL 2704865, at *2 (D.S.D. July 7, 2008)).

The Court does not find a separately reviewable issue as to Plaintiffs' request to cure their unlawful admission over which the Court could have subject matter jurisdiction at this time. Supplement A to Form I-485, which Plaintiffs rely on, is meant to supplement Form I-485 applications to adjust status, and thus it does not appear that Supplement A is a stand-alone application for particular relief. Based on the current record, it appears that Plaintiffs were asking USCIS to supplement their prior applications for adjustment of status *nunc pro tunc* to cure Plaintiffs' unlawful admissions in order to grant their naturalization applications. Accordingly, USCIS's denial of Plaintiffs' *nunc pro tunc* request formed part of the denial of Plaintiffs' naturalization applications. Thus, USCIS's decision – that USCIS cannot cure Plaintiffs' unlawful adjustment via the *nunc pro tunc* request and therefore Plaintiffs are not eligible for naturalization – will be reviewed in Plaintiffs' appeal of the denial of their naturalization applications.

The Court therefore finds Plaintiffs have not exhausted their administrative remedies or satisfied § 1421(c), which leaves the Court without subject matter jurisdiction to hear their challenge at this time.[4] Accordingly, the Court will overrule Plaintiffs' objections, adopt the R&R, and grant Defendants' motion to dismiss.

---

[4] The Court will also decline Plaintiffs' request to hold its consideration of their claims in abeyance, pending decision on Plaintiffs' administrative appeal. The Court lacks subject matter jurisdiction at this time and, at least on the facts of this case, does not find it appropriate to continue the action until it attains jurisdiction. Additionally, it is unclear how long such a decision will take or how the underlying facts will change in the interim.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the

Court **OVERRULES** Plaintiffs' Objections to the R&R [Docket No. 39] and **ADOPTS**

the Report and Recommendation of the Magistrate Judge [Docket No. 38.]  Accordingly,

**IT IS HEREBY ORDERED** that:

1.  Defendants' Motion to Dismiss [Docket No. 25] is **GRANTED**.

2.  Plaintiffs' claims are **DISMISSED without prejudice for lack of jurisdiction**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  August 24, 2017                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                          Chief Judge
                                                 United States District Court